## GALVESTON, H. & H. R. CO. v. SLOMAN et al. (No. 8195.)

(Court of Civil Appeals of Texas. Galveston. Nov. 9, 1921.)

Appeal and error ⬦573, 655(3)—Statement of facts not examined nor agreed to by appellee will be stricken.

Where the practice is for appellant to furnish appellee with a duplicate copy of the statement of facts, prepared by the official stenographer, and to have the original agreed to and filed as the agreed statement of facts, if the duplicate is found correct, a statement of facts will be stricken out where appellee had no opportunity to examine the duplicate and did not agree as to the statement.

Appeal from District Court, Galveston County; J. C. Canty, Judge.

Action by Charles W. Sloman and others against the Galveston, Houston & Henderson Railroad Company. Judgment for plaintiffs, and defendant appeals. On plaintiffs' motion to strike out statement of facts. Motion granted.

Jno. L. Darrouzet, of Galveston, and Garrison, Pollard & Berry, of Houston, for appellant.

James B. & Charles J. Stubbs, of Galveston, for appellees.

PLEASANTS, C. J. Appellees have filed a motion to strike out the statement of facts filed with the record in this cause, on the ground that it is not an agreed statement of facts and was not prepared and approved by the trial judge under the provisions of article 2069, Vernon's Sayles' Civil Statutes.

The facts in regard to the preparation, approval, and filing of the statement of facts are as follows:

The judgment from which this appeal is prosecuted was rendered by the district court of Galveston county in June, 1921. Appellant's motion for new trial being overruled, the appeal was perfected on June 16, 1921. Appellant at once directed the official stenographer to prepare a statement of facts in duplicate

(234 S. W.)

from his stenographic notes of the testimony taken on the trial of the cause. Such statement was completed by the stenographer on the 26th or 27th of June, and the original delivered to the district judge who tried the cause on June 27th or 28th. The attorneys for appellees were informed about July 2d by the stenographer that the original statement was in the hands of the district judge, and thereafter in preparing the bills of exceptions attorneys for both parties together used this statement, The duplicate copy came into the hands of the attorneys for appellees on or prior to July 14th, and was taken by them to Houston to be used in a conference with the general attorneys of the appellant which was held on said date in an effort to effect a settlement of the case. No settlement was effected, but at the request of one of the general attorneys the copy of the statement of facts was left with him for further consideration, under a promise on his part that he would in a few days return it to the judge of the trial court at Galveston. This statement was not returned promptly, and the trial judge, who was anxious to leave Galveston on his summer vacation and desired to have the statement of facts approved before he left, several times requested attorneys for appellees to have the copy left in Houston returned. The attorney for appellees, who had charge of this matter, telephoned to Houston for the statement without results, and on July 22d wrote the attorney with whom he had left it asking that the statement be returned to the trial judge. The Houston attorney was away from home and the statement was not returned until the 30th day of July. It was sent by express from Houston and received by the attorneys on said date. On the same day, and before appellees' attorney had received the copy of the statement from Houston, the trial judge had approved and filed the original statement and had left Galveston on his summer vacation.

The certificate of the trial judge to the statement of facts which was filed by him as before stated contains the following recital:

" * * * Attorneys for the plaintiffs not having signed the same for the reason that they were not furnished a copy thereof to examine, although said statement of facts was delivered to the attorneys for the defendant more than 30 days previous to this date, and said attorneys for the plaintiff have not, for that reason, had an opportunity to read and examine said statement of facts, so as to ascertain if the same would meet with their approval."

The approval and filing of the statement of facts by the trial judge was without the knowledge of the attorneys for appellant. The attorneys for appellant who conducted the trial of the case reside in Houston, and neither they nor their local representative in Galveston knew that the statement had been approved and filed until several weeks thereafter, when upon inquiry they were informed by the district clerk that the statement had been approved and filed by the trial judge. This information was received by appellant's attorneys at Houston in response to a letter written by them to their representative at Galveston on August 25th, asking him to have the statement of facts approved and filed. It appears to have been the uniform practice with the bar at Galveston that, when an appeal is taken in a case where the testimony has been taken down by an official stenographer, the attorneys for appellant furnish appellees' attorneys with an official duplicate copy of the statement of facts prepared by the stenographer, and if this copy is found to be a correct statement, the original statement is agreed to and filed as the agreed statement of facts. Attorneys for appellant in this case, knowing that appellees' attorneys had been given a duplicate copy of the statement on or prior to August 14th, when they had it with them at Houston, where it was used in discussing a proposed settlement of the case, and that this copy had been returned to said attorneys on July 30th, long prior to the time when the statement of facts was required to be filed, and, knowing nothing of the filing of the statement by the judge on July 30th, assumed, when informed in reply to their letter of August 25th that the statement had been approved and filed, that it was an agreed statement and did not know otherwise until after September 14th, when appellees' attorneys filed the motion to strike out the statement.

The motion to strike out does not question the correctness of the statement, but is based solely on the ground that attorneys for appellees were not given an opportunity to examine it before its approval by the trial judge. Appellees' attorney makes the following sworn statement in support of his motion:

"No copy of the statement of facts in this case was submitted to any attorney of the plaintiffs (appellees herein) for examination. No opportunity of examining the statement of facts filed herein was given to the attorneys, or any attorney for plaintiffs (appellees herein), and the statement of facts was not examined or inspected by appellees' attorneys.

"Appellees' attorneys were not requested to agree to any statement of facts and did not agree to any statement of facts and were not advised at the time of the filing of said statement of facts. Only one copy of the statement of facts was signed by the trial judge before he left on vacation."

Accepting this statement as true, we feel constrained to grant appellees' motion. They are not required to have the appeal heard

upon a statement of facts which they have not agreed to and which they did not have opportunity to examine before it was filed.

While this is true, it seems to us that the undisputed facts relieve appellant's attorneys of responsibility for appellees' attorneys not having had an opportunity to examine the statement. The unnecessary haste of the trial judge in approving and filing the statement without the knowledge of the attorneys for either party has brought about a situation for which it seems to us neither of the attorneys should be held responsible, or their clients caused to suffer.

The motion to strike out the statement is granted.